Feb. 1840.

Rhodes
v.
Evans and
others.

---

### RHODES vs. EVANS and others.

A bond and mortgage is executed by two obligors—one of the obligors dies before foreclosure—and upon foreclosure, the heirs and personal representatives of the decedent are made parties defendants. Held that there could be no personal decree against the representatives of the deceased obligor.

This bill was filed to foreclose a mortgage against David E. Evans and the administrator, widow, and heirs of William B. Rochester deceased. The bond was executed jointly and severally, by David E. Evans and William B. Rochester. The latter died before the commencement of the suit, and his administrator, widow, and heirs are made parties defendants. The complainant now asks that a decree be rendered,

1st. For the sale of the mortgaged premises.

2d. For the payment personally, by David E. Evans, of any deficiency on such sale.

3d. On the return of an execution against Evans, that such deficiency is not realized by such process, that the balance be adjudged to be a debt against the estate of William B. Rochester, to be paid by the administrator in the due course of administration.

*E. G. Spaulding*, for complainants.

*H. Shumway*, for infant heirs.

*D. Tillinghast*, for administrator.

THE VICE CHANCELLOR. There was one point made by the defendant, not noted in the above statement of facts, viz. that the complainant was not the real party in interest in this suit; but that the Bank of Zanesville was the virtual complainant or party in interest. This is founded upon the testimony of Ebenezer Johnson, to whom the mortgage was executed, and who says he assigned it to the complainant who was President of the Bank of Zanesville, to secure a debt due to that bank. This does not positively negative the idea that the complainant is not the actual owner of the bond and mortgage, or has not become so by the debt of Johnson to the Zanesville Bank; and as this is not pleaded or set up in the answer, I shall not consider this an objection to the complainant's recovering in this suit.

The principal question is as to the effect of this foreclosure upon the administrator of William B. Rochester, and what decree shall be taken against the estate. Before the Revised Statutes, a personal decree could not be taken against any party defendant, upon the foreclosure of a mortgage in this court. The decree was then simply for the sale of the mortgaged premises; and if they did not bring enough to pay the debt, the complainant was compelled to resort to a suit at law upon the bond, to collect the remainder of his debt. For the purpose of saving costs, and the expense of a multiplicity of legal proceedings to collect such a debt, the Revised Statutes consolidated both these proceedings into one, and gave the complainant the same remedy in this court, that he would have had formerly by both foreclosing his mortgage here and suing on the bond at law. In Vol. 2, p. 118, Sec. 158, it is enacted that "on

22

Feb. 1840.

Rhodes
v.
Evans and
others.

coming in of the report of sale, this court shall also have power to decree and direct the payment by the mortgagor, of any balance of the mortgage debt that may remain unsatisfied after a sale of the mortgaged premises, in the cases in which such *balance is recoverable at law;* and for that purpose, may issue the necessary execution, as in other cases, against other property of the mortgagor or against his person." Section 160 provides for the same mode of proceeding as against any other person who has given an obligation to which the mortgage is collateral. These provisions would authorise a personal decree against Evans, and against Rochester if he was living, for any such balance ; but will it authorise such decree against Rochester's administrator, he being dead ? Such decree is authorised only when such *balance is recoverable at law.* This bill is filed against Evans and the administrator, widow, and heirs of Rochester. For the purpose of obtaining a sale of the land, all these are rightly made parties ; but can they be joined for the purpose of a personal decree against them jointly ? This question is answered by an answer to the question whether they could be jointly sued upon the bond at law. The decisions and well settled principles of our courts, clearly and decidedly answer this question in the negative. Evans and the administrator of Rochester could not be joined as defendants in a suit at law upon the bond. Evans must be sued as survivor. Then this is not a debt which is recoverable at law, in the mode which the complainant has sought to recover it in this court ; and, consequently, there can be no decree against the administrator of Rochester in this court. But the complainant asks this court

to determine the amount due from Rochester's estate upon this demand, after the premises are sold, and after an execution has been returned unsatisfied against Evans. It seems to me that this is a matter which does not belong to the jurisdiction of this court, at least in the present shape of the cause. The surrogate has jurisdiction to marshall Rochester's assets, and direct how they shall be paid. Other creditors have an interest in the amount of this debt, and in settling this amount, and they are not before the court to contest this claim; and I doubt whether a decision of this court would be binding upon them in any manner whatever. If they had notice of this proceeding, they might possibly contest this claim, or they might see that the mortgaged premises produced enough to pay the mortgage debt, so as to relieve the personal fund; but they are not here, and I cannot make a decree which shall bind them in any manner. The decree must be in the usual way for the sale of the mortgaged premises—a personal decree against Evans—a provision for the payment of the costs of the *guardian ad litem* of the infants, out of the proceeds of the sale; but there can be no personal decree against the administrator for debt or costs, even so far as to settle the amount due from the estate. The administrator is not, however, entitled to his costs out of the proceeds of the sale.